Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: CV-S-_____ |
| Plaintiff, | **COMPLAINT--TITLE VII CIVIL RIGHTS** |
| vs. | • **SEXUAL HARASSMENT** • **NATIONAL ORIGIN** • **RETALIATION** |
| CONSOLIDATED RESORTS, INC., and DOES 1-10, Inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to the Charging Party, who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission alleges that the defendants discriminated against the

1  Charging Party who was sexually harassed or subjected to sex-based harassment
2  during her employment with Defendant, Consolidated Resorts, Inc.

3                                   **JURISDICTION**

4       2.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
5  1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §
6  704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
7  2000e-3; §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as
8  amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil
9  Rights Act of 1991, 42 U.S.C. § 1981a.

10                                     **VENUE**

11      3.       The employment practices alleged herein to be unlawful were
12  committed within the jurisdiction of the United States District Court for the
13  District of Nevada.

14                                    **PARTIES**

15      4.       Plaintiff, the U.S Equal Employment Opportunity Commission
16  ("EEOC" or "Commission"), is the agency of the United States of America
17  charged with the administration, interpretation and enforcement of Title VII, and is
18  expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII,
19  42 U.S.C. § 2000e-5(f)(1) and (3).

20      5.       At all relevant times, Defendant CONSOLIDATED RESORTS, INC.
21  was and has continuously been a Nevada corporation doing business in the State of
22  Nevada, County of Clark, and has continuously had at least 15 employees.

23      6.       During the relevant periods alleged in this Complaint, Defendant
24  Consolidated Resorts, Inc. ("Defendant") has employed the Charging Party.

25      7.       At all relevant times, Defendant Employer has continuously been
26  employer engaged in an industry affecting commerce within the meaning of
27  Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).
28  ///

1      8.    All of the acts and failures to act alleged herein were duly performed
2  by and attributable to all Defendants, each acting as a successor, agent, employee,
3  or under the direction and control of the others, except as specifically alleged
4  otherwise.  Said acts and failures to act were within the scope of such agency
5  and/or employment, and each Defendant participated in, approved and/or ratified
6  the unlawful acts and omissions by the other Defendants complained of herein.
7  Whenever and wherever reference is made in this Complaint to any act by a
8  Defendant or Defendants, such allegations and reference shall also be deemed to
9  mean the acts and failures to act of each Defendant acting individually, jointly,
10  and/or severally.

11      9.    Plaintiff is ignorant of the true names and capacities of each
12  "Defendant," sued as DOE 1 through 10, inclusively, and therefore Plaintiff sues
13  said "Defendant Employer" by such fictitious names.  Plaintiff reserves the right to
14  amend the complaint to name each DOE "Defendant" individually or corporately
15  as they become known.  Plaintiff alleges that each "Defendant" named as DOE
16  was in some manner responsible for the acts and omissions alleged herein and
17  Plaintiff will amend the complaint to allege such responsibility when the same
18  shall have been ascertained by Plaintiff.

19      10.    It is further alleged on information and belief that the unnamed
20  defendants in the complaint are mere alter egos of the "Defendant" Consolidated
21  Resorts, Inc.  The remaining defendants are properly named in the complaint.

22                        **CONCILIATION**

23      11.    Prior to the institution of this lawsuit, the Commission's
24  representatives attempted to eliminate the unlawful employment practices alleged
25  below and to effect voluntary compliance with Title VII through informal methods
26  of conciliation, conference and persuasion within the meaning of §§ 706(f)(1) and
27  (3) of Title VII, 42 U,S,C, §§ 2000e-5(f)(1) and (3).  All conditions precedent to
28  the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.    More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

13.    From at least as early as June 2004, through at least September 11, 2004, Defendant Employer individually and collectively engaged in unlawful employment practices at their Las Vegas, Nevada, location, in violation of § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).  The unlawful sexual harassment and sex based harassment of the Charging Party was in the form of verbal, visual and physical harassment.  The Charging Party was forced to engage in oral sex and was subjected to degrading acts that impacted the terms and conditions of her employment and created a hostile working environment at "Defendant Employer" that resulted in a tangible employment action.

14.    The impact of the aforementioned conduct deprived the Charging Party and others similarly situated of equal employment opportunities and otherwise adversely impacted their employment status because of their sex.

15.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.  The unlawful employment practices complained of above were and are willful within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and caused the Charging Party to suffer emotional distress.

16.    Defendant Employer has acted with malice or reckless indifference to the federally protected rights of the Charging Party by subjecting her to harassment consisting of Charging Party being forced to perform oral sex upon Supervisors and the General Sales Manager in order to keep her job.  The Charging Party was also subjected to unwanted touching of her breasts and her private area.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of their past unlawful employment practices.

C.    Order Defendant Employer to make whole Charging Party, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to compensation for loss of seniority and benefits, plus prejudgment interest.

D.    Order Defendant Employer to make whole Charging Party, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Charging Party punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

///

1     G.     Grant such further relief as the Court deems necessary and proper in

2  the public interest.

3     H.     Award the Commission its costs of this action.

4                                    JURY TRIAL DEMAND

5     The Commission requests a jury trial on all questions of fact raised by its

6  complaint.

7                                                    Respectfully submitted,

8

9  Dated: September 7, 2006.                         U.S. EQUAL EMPLOYMENT
                                                     OPPORTUNITY COMMISSION
10

11                                                   Ronald S. Cooper
                                                     General Counsel
12

13                                                   James L. Lee
                                                     Deputy General Counsel
14

15                                                   Gwendolyn Young Reams
                                                     Associate General Counsel
16

17

18

19                                                   Anna Y. Park
                                                     Regional Attorney
20

21

22

23

24

25

26

27

28